Cooit, J.,
delivered the opinion of the Court.
This was an action of assumpsit by the endorsee against the endorser of a negotiable promissory note. The declaration sets out the making and endorsements of ihe note, in form, and alledges, that when the note became due and payable, accord *102 ing to the tenor and effect thereof, to wit: on the 17th day of July (which was about sixty days after the expiration of the time limited for payment) it was duly presented and not paid, of which the defendant, on the day and year last aforesaid, had notice, &e.
The defendant demurred to the declaration, and assigned, as special cause of demurrer, that the plaintiff had not used proper diligence to recover of the maker of the note. The Circuit Court overruled the demurrer and judgment for the plaintiff? to reverse which, the defendant prosecuted his writ of error. Two exceptions are taken to the declaration; first, that assigned as cause of demurrer, and secondly, that the time of presenting the note for payment, is insufficiently stated. The decision at the last term of this Court, in the case of the Bank of Missouri v. Price, is decisive of the first point. The second point involves the consideration of two questions s first, whether the averment, that the note was presented for payment when it became due and payable according to the tenor and effect thereof, is sufficient in itself? and secondly, whether the day set out after the videlicit, being repugnant to the preceding averment, is material? As to the sufficiency of the preceding averment, we have not been able to find any adjudged case in point; many of the precedents have the preceding averment, and also, the day stated under a videlicit, as in this case ; and in Chitty on Bills, 539, note 8, Americani Edition, it is said, that where there is an express averment, that the note was presented when it became due, &c., as in this case, the day stated after the videlicit, is immaterial, and Bayley, 110, is then cited ; other cases, analagous to this, seem to recognize this principle,'that previous matter, substantially sufficient, although not strictly formal, shall not he vitiated by a subsequent statement under a videlicit repugnant to it, as in the case of an action of ejectment. , The demise was averred on the second day of the month, and afterwards, to wit: on the first day of the same month, the defendant ejected him., Lord Holt held the words under the videlicit, expressly contrary to the postea, and so might he rejected, 1 Chit. Pleading 233. In this case, the time laid undeE the videlicit i® repugnant to the preceding averment, that the note was presented for payment when it became due and payable, accordingto the tenca- and effect thereof, which might, iis relation to other express and material averments in the declaration, be referred to a particular day, and so, would be good after verdict, or on general demurrer, and it was not specially assigned as a cause of demurrer. The Court see no error in tile: record.
The judgment must, therefore, be affirmed, with costs-